IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINTELL R. TAYLOR, #210563, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:19-CV-758-ECM |
| JEFFERSON S. DUNN, et al., | ) ) ) |
|     Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Quintell R. Taylor, a state inmate currently incarcerated at the Kilby Correctional Facility, initiated this 42 U.S.C. § 1983 action on October 9, 2019. Taylor challenges the constitutionality of a disciplinary lodged against him at the Elmore Correctional Facility in August of 2019 for assaulting another inmate with a weapon, questions the validity of his classification level, attacks his placement in the restricted housing unit, alleges that he is subjected to cruel and unusual punishment at Kilby, and makes general allegations regarding the state of his health.

After reviewing the complaint, the court provided Taylor an opportunity to file an amended complaint due to several deficiencies in the complaint and provided Taylor specific instructions for doing so. Doc. 5 at 1–5. The court cautioned Taylor that his failure to comply with this order would result in a recommendation that this case be dismissed. Doc. 5 at 5.

Taylor submitted a response to this order within the time set by the court, but this document fail[ed] to comply with the order requiring the filing of an amended complaint

"as the plaintiff again present[ed] claims the court previously advised lacked merit and provided him no basis for relief." Doc. 15 at 1. The court therefore struck this response from the docket and again provided Taylor an opportunity to file an amended complaint with specific instructions regarding the manner in which to file it.  Doc. 15 at 1–5. The court "***cautioned*** [Taylor] that he ***must comply with the specific directives contained in this order regarding the claim(s) to be filed in the amended complaint and, if he again fails to comply with the directives of this court, the Magistrate Judge will recommend that this case be dismissed for such failure.***" Doc. 15 at 5.

The time allowed Taylor to file the necessary amended complaint expired on November 12, 2019. Doc. 15 at 4. As of the present date, Taylor has failed to file an amended complaint as required by this court.  In light of Taylor's failure to file the amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of*

*Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be dismissed without prejudice for the plaintiff's failure to file an amended complaint in compliance with the orders entered by this court.

2. The plaintiff's motion for preliminary injunction (Doc. 3) be DENIED because, under the current circumstances of this case, there is no basis on which to grant this motion.

On or before **January 2, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and

those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 18th day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge